### 3103. MOORE *v.* THE STATE.

HILL, C. J. On a prosecution for a violation of the act of 1903 (Acts 1903, p. 901; Penal Code (1910), §§ 715-16) it appeared that the contract to perform labor, on which the money was advanced, was not an unconditional contract to perform labor for the money advanced thereon, but became effective only upon the failure of the accused to pay a note at maturity given for the money advanced. *Held,* that a contract of this character is not within the terms of the act.

*Judgment reversed.*

DECIDED JANUARY 31, 1911.

Accusation of cheating and swindling; from city court of Eastman—Judge Griffin. November 14, 1910.

Moore was convicted of a violation of the "labor-contract act" of 1903 (Acts 1903, p. 90). In his motion for a new trial, the refusal of which is assigned as error, he alleged that the verdict was contrary to law, evidence, etc.

The contract upon which the accusation was based is in the following language: "$24.07. Eastman, Ga., June 23, 1909. August 15th after date I promise to pay to the order of A. P. Petway

twenty four 07/100 dollars at Eastman, Ga., for value received, with interest from maturity at eight per cent. per annum until paid, the same to be computed from date, unless this note is paid at maturity, with all cost of collection, including ten per cent. attorney's fees on principal and interest in case of collection by suit or through an attorney; and to secure the payment of this note I hereby mortgage unto said payee, his heirs and his assigns, the following property, unincumbered, to wit:

"This contract made and entered into this the 22 day of June, 1909, between A. P. Petway and C. C. Moore, witnesseth, that on August 15th said C. C. Moore, in consideration of the above $24.07, in hand paid, and receipt is hereby acknowledged, as advance money for cotton picking, agrees to pick cotton for A. P. Petway at 50 cents per 100℔. seed cotton on place known as John Herrington place, where Henry Ingram now lives, 16th District, Dodge Co., Ga., until this obligation is fully released on December 1st, 1909. This contract to expire. And for the consideration aforesaid, I hereby, for myself and family, expressly waive all homestead rights and exemptions which by the laws, State or Federal, are allowed to me and my family. I also waive the benefit of the exemption of my daily, weekly, or monthly wages or salary from garnishment, as against this obligation or any renewal of the same." Signed and sealed by Moore.

It was contended that the contract was not within the terms of the statute; that it was security for the payment of the note therein described; that no time was fixed for the beginning or termination of the labor, and that the advance was made on the note, and not on the contract.

*J. H. Roberts*, for plaintiff in error.